IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BARBARA KEUPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-0113-SSA-CV-W-MJW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Barbara Keupp seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. The parties' briefs are fully submitted, and an oral argument was held on November 8, 2011. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

**Statement of Facts**

On the date of her alleged disability, plaintiff was 45 years of age. Plaintiff has a sixth-grade education and past relevant work as a production assembler. Plaintiff alleges disability beginning July 25, 2006, based on depression, arthritis, lower back problems, hepatitis C, bipolar disorder, anxiety disorder, post-traumatic stress disorder and victim of domestic abuse. Plaintiff's application was denied initially, and in December 2009 following a hearing, the Administrative Law Judge (ALJ) found plaintiff was not disabled from the date of her application for SSI. The Appeals Council denied plaintiff's request for review. Therefore, the ALJ's decision stands as the final decision of the Commissioner. Section 1631(c)(3) of the Act, 42 U.S.C. § 1383(c)(3), provides for judicial review of the Commissioner's final decision.

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

**Discussion**

Here the ALJ found that plaintiff has not engaged in substantial gainful activity since August 13, 2007. The ALJ listed the following severe impairments: hepatitis C; disorders of the back, neck and hip; affective disorder; and substance abuse disorder. The ALJ determined plaintiff's impairments, or the combination of impairments, didn't meet or medically equal one
2

of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  After consideration of the entire record, the ALJ found plaintiff had the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. § 416.967(a), except she can only do simple, repetitive and routine work that is as stress free as possible with an SVP of no higher than two.  The ALJ further limited plaintiff to limited contact with consuming public, coworkers and supervisors.  The ALJ determined plaintiff could occasionally bend, but any crawling, kneeling, crouching or squatting must be incidental to the job only.  Plaintiff was further limited as to repetitive use of her neck and required a non-food-related job.  Based on the testimony of the vocational expert (VE) who was present at the hearing, the ALJ determined plaintiff could not perform any past relevant work, but based on her age, education, work experience and RFC, there are jobs which exist in significant numbers in the national economy that the plaintiff can perform.  The ALJ found that plaintiff has not been under a disability, as defined by the Social Security Act, since August 13, 2007, the date the application was filed.

  Plaintiff alleges the ALJ's decision is not supported by substantial evidence in the record and that the ALJ erred specifically in failing to give proper consideration to the opinion of treating sources and improperly assessing plaintiff's credibility.

  The Commissioner argues in support of the ALJ's decision.  Specifically, with regard to assessment of the medical evidence, the Commissioner argues the ALJ properly gave little weight to the opinions of Drs. Ferraro and Lofgreen.  The Commissioner argues the ALJ properly considered the opinions of state agency psychologists Drs. Sutton, Pentecost and Burstin in determining plaintiff was not as impaired in her daily activities as alleged.  The Commissioner further argues plaintiff's complaints of disabling mental limitations were not entirely credible.  The Commissioner argues the ALJ properly noted plaintiff's failure to seek regular mental health treatment, and properly noted the only mental health treatment of record for the plaintiff was from many years before the instant application was filed in 2006.  For SSI benefits, the relevant date of onset cannot be before the application for disability is filed.  The Commissioner also argues that the record is clear that plaintiff worked as an assembler for one and one-half years before her alleged onset of disability, and lost this job because it was temporary in nature and ended, and not because of her bipolar disorder or any other impairment.  Finally, the

3

Commissioner argues the ALJ's credibility finding was well founded and was based on plaintiff's treatment history, noncompliance, daily activities, work history, efficacy of her medication, the opinions of the medical sources, and her demeanor at the hearing.  The Commissioner argues there is substantial evidence in the record to support the decision of the ALJ.

Upon review, this Court finds there is substantial evidence in the record to support the decision of the ALJ.  The ALJ properly gave some weight to the opinion of Ashley Ferraro, D.O., regarding plaintiff's physical limitations, but little weight to the opinion that plaintiff could not work because of her mental impairments.  The ALJ gave valid reasons for discounting Dr. Ferraro's opinion.  First, Dr. Ferraro's opinion as to plaintiff's inability to work based on plaintiff's mental impairments is contrary to her own treatment notes.  Davidson v. Astrue, 501 F.3d 987, 990-91 (8th Cir. 2007) (stating an ALJ appropriately discounts a treating physician's opinion when it is inconsistent with the physician's clinical treatment notes).  Second, Dr. Ferraro's opinion that plaintiff cannot work because of the severity of her mental health impairments is specifically contrary to the statements made by Dr. Ferraro, on more than one occasion, which specifically expressed discomfort in treating plaintiff's mental impairments because of her lack of expertise in the field.  Third, Dr. Ferraro's opinion was properly discounted by the ALJ because it was inconsistent with the record as a whole.  20 C.F.R. § 416.927(d)(2).  See also Heino v. Astrue, 578 F.3d 873, 879 (8th Cir. 2009) (stating the ALJ may reject the treating physician's opinion if it is inconsistent with the record as a whole or other medical evaluations are "supported by better or more thorough medical evidence").

There is also substantial evidence in the record to support the ALJ giving little weight to the opinion of Craig Lofgreen, M.D., who performed a consultive examination in connection with plaintiff's current application for disability.  Dr. Lofgreen's one-time medical evaluation resulting in an opinion that plaintiff could not work because of her hepatitis C and psychiatric disorder was not based on objective examination or clinical tests.  Further, Dr. Lofgreen is not a psychiatrist or psychologist, and therefore, the ALJ properly gave greater weight to the consulting opinions of doctors who specialized in these areas.

After determining the treating physician's opinion should be given little weight, the ALJ did not err in giving substantial weight to the opinion of the most recent state consultative examination and some weight to the opinions of state psychologists. Having determined Dr. Ferraro's opinion was inconsistent with substantial evidence in the record, the ALJ was clearly authorized to consider the opinions of other physicians and psychologists. Hacker v. Barnhart, 459 F.3d 934, 939 (8th Cir. 2006); See also Wagner v. Astrue, 499 F.3d 842, 849 (8th Cir. 2007). Further, to the extent that these persons were specialists, their opinions about medical issues relating to their area of specialty are to be given greater weight than the opinion of a source who is not a specialist. 20 C.F.R. § 404.1527(d). The ALJ also gave substantial weight to the most recent state consultative examination which found that plaintiff seemed to be functioning very well when off drugs, not under stress and on her medications. Here, the ALJ reviewed the evidence in the record, determined that the opinions of the state and consulting medical experts were consistent with the totality of the evidence in the record, and therefore, afforded these opinions substantial weight. The Court finds no basis for concluding the ALJ committed reversible error in weighing the medical expert opinions.

As to the ALJ's discounting plaintiff's credibility, this Court finds the ALJ gave good reasons for doing so. The ALJ cited to plaintiff's daily activities as inconsistent with allegations of disabling symptoms, as well as her failure to seek regular mental health treatment and failure to show up for medical appointments. Kelley v. Barnhart, 372 F.3d 958, 961 (8th Cir. 2004) (infrequent medical treatment is basis for discounting subjective complaints). The ALJ also properly considered plaintiff's ability to work as an assembler for one and one-half years before her alleged onset of disability despite diagnosis of bipolar disorder. See Orrick v. Sullivan, 966 F.2d 368, 370 (8th Cir. 1992) (where a claimant has worked with an impairment over a period of years, it cannot be considered disabling at present without a showing that there has been a significant deterioration in impairment). The ALJ also properly discussed the fact that plaintiff did not leave her job because of her bipolar or any other disorder, but rather because the job was temporary and ended. See Kelley at 961 (fact that claimant left work for reasons other than medical condition proper consideration for determining claimant is not disabled). Finally, the ALJ also properly discussed plaintiff's demeanor at the hearing as basis for discrediting her

5

credibility. Russell v. Sullivan, 950 F.2d 542, 545 (8th Cir. 1991) (if ALJ explicitly discredits a claimant's testimony and gives good reason for doing so, the court will normally defer to the ALJ's credibility determination). In light of the inconsistencies between plaintiff's subjective complaints and the evidence in the record as whole, it was proper for the Commissioner to discount plaintiff's subjective complaints.

**Conclusion**

For the reasons set forth above, this Court finds the ALJ's decision is supported by substantial evidence. It is, therefore,

ORDERED that the decision of the Commissioner is affirmed and this case is closed.

Dated this 9th day of January, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge